UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RONALD L. COSNER,

    Plaintiff,

v.                            Civil Action No. 2:18-cv-01499

DR. THISTLETHWAIT, N.P. JOSH,
SANDRA MAY, DR. LYE, U.M. BEST,
PSI MEDS, WEXFORD HEALTH and
MOUNT OLIVE CORRECTIONAL COMPLEX,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's Request for Preliminary Injunction, filed December 7, 2018.

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley who, on June 13, 2019, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Therein, the magistrate judge recommended that the court deny plaintiff's Request for Preliminary Injunction, inasmuch as he has not, under the circumstances, clearly demonstrated a right to such relief. PF&R 3. On June 28, 2018, plaintiff filed timely objections to the PF&R, asserting that (1) the magistrate judge "failed to correctly apply

1

binding" precedent, and that (2) contrary to the magistrate judge's finding, this "case clearly makes the threshold for a preliminary injunction," inasmuch as he claims to have made a "clear showing" of irreparable harm.  Obj. 2.

Pursuant to his first objection, the plaintiff specifically alleges that the magistrate judge incorrectly applied <u>The Real Truth About Obama</u>, 575 F.3d 342 (4th Cir. 2009), "where the court found there was no clear violation of U.S. statutes or constitutional right, where in [the plaintiff's] case there clearly is."  Obj. 2.  He further claims "there is a clear showing of not only irreparable harm, but also death of the plaintiff" if a preliminary injunction is not awarded.  <u>Id.</u>

The plaintiff's first objection is without merit.  The magistrate judge reviewed the applicable authority in setting forth the elements that plaintiff must establish in order to obtain a preliminary injunction.  <u>See</u> PF&R 2 ("To obtain a preliminary injunction, a movant must demonstrate that '(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.'").  With respect to the first element, the plaintiff must

make a "clear showing" that he is likely to succeed on the merits. Pashby v. Delia, 709 F.3d 307, 321 (4th Cir. 2013).

The magistrate judge explained in the PF&R that before Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), the plaintiff was required to show "only a grave or serious question for litigation." See Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); see also PF&R 2 (quoting Real Truth, 575 F.3d at 345-46 (explaining the differing standards of Winter and Blackwelder Furniture). Under the current Winter standard, the burden on the plaintiff is far stricter in that it requires that he make a "clear showing" of his likeliness to succeed on the merits.

As the magistrate judge further noted, courts must "pay particular attention to the public consequences in employing the extraordinary remedy" of a preliminary injunction. PF&R 3. In light of the applicable law, the magistrate judge concluded that, "at present, the plaintiff has not clearly shown that he is likely to succeed on the merits of his various claims, or that he is likely to be irreparably harmed without preliminary injunctive relief." PF&R 3.

In looking to the Request for Preliminary Injunction, plaintiff states in conclusory fashion that "[i]t is clear this

3

action has merritt [sic] and the plaintiff will likely prevail in this case." Req. Prelim. Inj. ¶ 2. Nowhere in the Request does plaintiff offer facts to support his contention that he will likely prevail on his claims, or that the extraordinary relief of preliminary injunction is warranted. Further, in his Objections to the Proposed Findings and Recommendation, plaintiff focuses on the fact that his claims arise from events that allegedly took place after his attempted suicide, and he claims that, for that reason, he has established that irreparable harm would result if a preliminary injunction is not granted. Obj. 2. As the magistrate judge correctly explained in the PF&R, plaintiff has failed to make a clear showing of his likelihood to succeed on the merits of his claims, nor has he established anything beyond a mere recitation of a "grave or serious question for litigation."

Second, plaintiff claims that he has met the "threshold for a preliminary injunction" by alleging death as the irreparable harm that could result if a preliminary injunction is not awarded. Although irreparable harm is a requisite element of a preliminary injunction, the gravity of that alleged harm is not alone determinative of whether the plaintiff is entitled to relief. Rather, plaintiff was required to show that he would suffer irreparable harm in the absence of a preliminary injunction, and that

4

he would likely prevail on the merits of his claims. As stated previously herein, he has failed to do so. For this reason, and the foregoing, the plaintiff has failed to demonstrate a right to preliminary injunctive relief, and his request must therefore be denied.

The court, accordingly, ORDERS as follows:

1. The plaintiff's objections to the PF&R be, and hereby are, overruled.

2. The magistrate judge's Proposed Findings and Recommendation be, and hereby are, adopted and incorporated in full.

3. The plaintiff's Request for Preliminary Injunction be, and hereby is, denied.

4. This case be, and hereby is, again referred to United States Magistrate Judge Dwane L. Tinsley for additional proceedings.

The Clerk is directed to forward copies of this written opinion and order to the plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: July 18, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge