IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**RONALD L. COSNER,**

    **Plaintiff,**

v.                                                                       **Case No. 2:18-cv-01499**

**DR. THISTLETHWAITE,** *et al.***,**

    **Defendants.**

## ORDER

Pending before the court are the plaintiff's Letter-Form Motion to Amend Complaint (ECF No. 25), with a proposed Amended Complaint attached (ECF No. 25-1), and the plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 41). The undersigned will address each motion in turn.

    **A.**    **Proposed First Amended Complaint.**

The plaintiff's Letter-Form Motion to Amend Complaint (ECF No. 25) was filed after service of process, but before the defendants' Motion to Dismiss (ECF No. 30) was filed. Upon review of the proposed Amended Complaint (hereinafter "First Amended Complaint"), the undersigned has determined the Letter-Form Motion to Amend Complaint (ECF No. 25) should be **GRANTED IN PART** and **DENIED IN PART**.

    *Claims related to the plaintiff's medical and mental health treatment*

The First Amended Complaint reiterates and elaborates on the plaintiff's allegations concerning the delay or denial of his medical and mental health treatment by Wexford, PSIMED, and their respective employees named in the initial Complaint. It also

includes allegations concerning the conduct of additional employees of Wexford and PSIMED, who are named as new defendants. Additionally, in the First Amended Complaint, the plaintiff attempts to clarify that he is claiming that both Wexford and PSIMED acted pursuant to policies or customs of delaying or denying prescribed treatment as a cost-saving measure. However, as addressed in the accompanying Proposed Findings and Recommendation, the plaintiff's Complaint, even including the proposed amendments concerning the alleged policies and customs of Wexford and PSIMED, are insufficient to state a plausible constitutional claim against those entities. Thus, the undersigned **FINDS** that the proposed amendments related to Wexford and PSIMED are futile and the Motion for Leave to Amend (ECF No. 25) is **DENIED** with respect to any claims against Wexford and PSIMED.

However, the undersigned further **FINDS** that the claims against the individual Wexford and PSIMED employees, as stated in the First Amended Complaint, are sufficient to state plausible Eighth Amendment claims against those defendants. Thus, the Motion for Leave to Amend (ECF No. 25) will be **GRANTED** to the extent that this matter shall proceed on the First Amended Complaint with respect to those claims.

*HIPAA claim*

Like the initial Complaint, the First Amended Complaint also asserts that, by attempting to consult with the plaintiff in a common area of the prison in the presence of other inmates, defendant Thistlethwaite violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d-1320d-9, which does not provide for a private right of action. Thus, to the extent that the plaintiff seeks to assert a claim for relief under HIPAA, he cannot state a plausible claim upon which relief

can be granted thereunder.[1] Accordingly, the Motion for Leave to Amend (ECF No. 25) is **DENIED** to the extent that the plaintiff seeks to pursue a claim for relief under HIPAA.

### Claims against Hayhurst and Lilly

The First Amended Complaint also contains new claims against two correctional officers, Dylan Hayhurst and Devin Lilly, who are alleged to have used unreasonable and excessive force against the plaintiff when they Tasered him, for no apparent reason, as he was reading legal mail in a cell while on suicide watch. The plaintiff alleges that this conduct was in retaliation and punishment because he attempted to file a complaint with the United States Department of Justice. He further alleges that Hayhurst and Lilly told him to "go ahead and file more complaints." The plaintiff further alleges that Hayhurst and Lilly lied about this incident in subsequent prison disciplinary proceedings. The proposed First Amended Complaint also contains allegations concerning similar conduct by Lilly with respect to other inmates.

The plaintiff contends that Hayhurst and Lilly's conduct constitutes cruel and unusual punishment, a violation of his due process rights, and assault and battery and intentional infliction of emotional distress under West Virginia law. The undersigned **FINDS** that these allegations are sufficient to state plausible claims for relief against Hayhurst and Lilly. Thus, the Motion for Leave to Amend (ECF No. 25) will be **GRANTED** to the extent that this matter shall proceed on the First Amended Complaint with respect to those claims.

---

[1] In a separate Proposed Findings and Recommendation, the undersigned has recommended that the presiding District Judge dismiss any claim under HIPAA alleged in the initial Complaint. Accordingly, it would be futile to permit any such claim to proceed in the Amended Complaint.

*Claims related to denial of access to grievance process and courts*

Finally, the First Amended Complaint alleges that Unit Managers Bess and Braggs, as well as Warden Donnie Ames, and Commissioner Betsy Jividen, have denied him his right to redress of grievances and access to the courts by failing or refusing to process his grievances in order to permit him to exhaust his administrative remedies before filing suit in federal or state court. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires prisoners to properly exhaust available administrative remedies within the prison before filing a civil action. *See Booth v. Churner*, 532 U.S. 731 (2001); *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The West Virginia Prison Litigation Reform Act ("WVPLRA"), W. Va. Code § 25-1A-2(c) similarly requires such exhaustion prior to the filing of a claim in court. *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. 2017) (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)). Here, the plaintiff claims that these defendants interfered with his ability to properly exhaust his administrative remedies concerning his various other claims and, thus, denied him the ability to access the courts by failing to allow him to exhaust his administrative remedies.

However, it is clearly established that, to state a plausible claim of denial of access to the courts under the First Amendment, a plaintiff must allege an actual injury resulting from the failure to process a grievance or other mishandling thereof. *See Lewis v. Casey,* 518 U.S. 343, 351–55 (1996)*; Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters,* 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"); *see also, e.g., Mahogany v. Miller*, 252 F. App'x 593 (5th Cir. 2007); *Picozzi v.*

4

*Clark Cty. Detention Ctr.*, No. 2:15-CV-816 JCM (PAL), 2018 WL 4615982 (D. Nev. Sept. 26, 2018) (recognizing that a correctional officer's failure to process an inmate grievance, rendering the inmate unable to timely or fully access a court action, and resulting in actual legal injury, could state a claim of denial of access to the courts in violation of the First Amendment). To the extent that the plaintiff is claiming that the alleged failure to process his grievances has denied him access to the courts, he has not sufficiently alleged any actual injury to support such a claim and, thus, amendment of his complaint on this basis would be futile.[2]

Likewise, inmates have no protected liberty interest in filing grievances. Thus, "insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures," his claim is frivolous and fails to state a claim upon which relief can be granted. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994)*; Daye v. Rubenstein,* C/A No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011)*; Ashann-Ra v. Commonwealth of Virginia,* 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Accordingly, the plaintiff cannot state a plausible violation of his due process rights and amendment of his complaint on this basis would be futile.

---

[2] The defendants who have entered an appearance herein have filed separate motions for summary judgment asserting that the plaintiff failed to properly exhaust his administrative remedies concerning all of his claims for relief. The plaintiff, however, has consistently asserted that his efforts to properly exhaust his claims have been thwarted by prison staff. In *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016), the Supreme Court held that "the exhaustion requirement hinges on the 'availability' of the administrative remedies. An inmate . . . need not exhaust unavailable remedies." *Id.* The Court further defined "available" as "'capable of use' to obtain 'some relief for the action complained of.'" (*Id.* at 1859, citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). While the plaintiff might be able to establish that the grievance process was rendered unavailable to him by the conduct of these defendants (which would potentially enable him to pursue his claims notwithstanding non-exhaustion), he has not presently alleged an actual injury to his pursuit of any legal claims resulting from the defendants' conduct that would be sufficient to state a plausible claim under the First Amendment.

5

For the reasons addressed herein or in the accompanying Proposed Findings and Recommendation, the First Amended Complaint fails to state any plausible claims for relief against defendants Wexford Health Sources, Inc., PSIMED, Inc., Bess, Braggs, Ames, and Jividen and the amendments related to those defendants shall not be permitted. Accordingly, it is hereby **ORDERED** that the plaintiff's Motion for Leave to File Amended Complaint (ECF No. 25) is **DENIED** with respect to the claims against those defendants. However, it is further **ORDERED** that the Motion for Leave to File Amended Complaint (ECF No. 25) is **GRANTED** to the extent that this matter shall proceed on the First Amended Complaint (ECF No. 25-1) against defendants Lye, Shrewsbery, May, Jones, Ritz, Thistlethwaite, Carper, Hayhurst, and Lilly. The Clerk is directed to docket the proposed Amended Complaint document contained in ECF No. 25-1 as a new docket entry titled "First Amended Complaint" and to add the new defendants contained therein as parties on the docket sheet.

### B. Proposed Second Amended Complaint.

On December 30, 2019, the plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF No. 41). Therein, the plaintiff solely seeks to amend his claim under the Americans with Disabilities Act ("ADA") to include additional allegations concerning the discriminatory denial of access to various prison programs, services, and activities, which he alleges occurred as a result of his mental disabilities. Specifically, the proposed amendment states:

> As stated within the amended complaint, the Plaintiff was denied the medication for his severe depression. Without his medication, he became severely depressed, attempted suicide, and mutilated his self, & was placed on suicide watch. He was also housed in the infirmary while awaiting the delayed necessary prescribed surgeries. Due to these reasons, he was denied access to every and most services, programs, and activities at MOCC, such as mail and reading supplies, television, recreation, exercise, religious

6

>  services, education, [etc., etc.] and therefor the defendants responsible violated his rights under the ADA, as all other inmates without these mental and medical disabilities receives all of these services, programs, and activities.

(ECF No. 41).

To state a claim for violation of Title II of the ADA, the plaintiff "must allege that (1) [he] has a disability, (2) [he] is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) [he] was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). However, such a claim may only be pursued against a "public entity."

As addressed in the accompanying Proposed Findings and Recommendation, the plaintiff's ADA claim appears to be addressed to conduct by Wexford Health Sources, Inc., PSIMED, or its individual employees. Because none of those defendants can be considered a "public entity," the undersigned has found that the plaintiff has failed to state a plausible claim upon which relief can be granted under the ADA, and the proposed amendment appears to be futile. Accordingly, it is hereby **ORDERED** that the plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 41) is **DENIED**.

The Clerk is **DIRECTED** to mail a copy of this Order to the plaintiff and to transmit a copy to counsel of record.

ENTER: July 8, 2020

Dwane L. Tinsley
United States Magistrate Judge